**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
AARON BRIGHT,                                         :
                                                      :
                              Petitioner,             :        10 Civ. 7686 (RMB) (KNF)
                                                      :
            -against-                                 :        **DECISION & ORDER**
                                                      :
CATHERINE A. COOK, Superintendent,                    :
Otisville Correctional Facility, and                  :
ANDREW CUOMO, Attorney General                        :
of the State of New York,                             :
                                                      :
                              Respondents.            :
-------------------------------------------------------------X


**I.     Background**

        On October 26, 2010, Aaron Bright ("Bright" or "Petitioner") filed an amended petition

for a writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2254, against Catherine A.

Cooke, Superintendent of the Otisville Correctional Facility, and Andrew Cuomo, in his capacity

as former Attorney General of the State of New York (collectively, "Respondents"), challenging

his conviction on July 17, 2006 following a jury trial in New York State Supreme Court, New

York County, of one count of Criminal Sale of a Controlled Substance in the Third Degree, in

violation of New York Penal Law § 220.30(1), and one count of Criminal Sale of a Controlled

Substance in or Near School Grounds, in violation of New York Penal Law § 220.44(2).[1]  On

August 7, 2007, Petitioner was sentenced to concurrent terms of six years' imprisonment.  On

July 2, 2009, the Appellate Division, First Department, unanimously affirmed the conviction.

People v. Bright, 881 N.Y.S.2d 291 (App. Div. 2009).  The Appellate Division held, among

---

[1]      United States Magistrate Judge Kevin N. Fox correctly concluded in his June 29, 2011
Report and Recommendation that "since the petitioner was in custody at the time the [P]etition
was filed, the Attorney General need not be named as a [Respondent]."  (Report and
Recommendation, dated June 29, 2011, at 1 n.1.)  Petitioner does not object to this determination
by Judge Fox.  (See Petitioner's Objections, dated August 1, 2011 ("Objections").)

other things, that the state trial court did not violate Bright's right to a public trial because "[a]fter making a showing that was concededly sufficient to warrant closure of the courtroom to the general public during the testimony of an undercover officer, the People also made a sufficiently particularized showing to warrant exclusion of [Bright's] brother, who lived in the vicinity of the present drug sale and had prior drug convictions, one of which involved conduct that occurred across the street from the location of the present sale." Id. at 291.  On October 8, 2009, the New York Court of Appeals denied Petitioner leave to appeal.  People v. Bright, 918 N.E.2d 965 (N.Y. 2009).

In the Petition, Bright argues that "[t]he [state] trial court violated . . . Bright's 6th [Amendment] right to a public trial when it . . . excluded [his brother] from the courtroom during testimony by the . . . undercover officer," and when it refused to "re-open [an earlier] hearing" held by the trial court pursuant to People v. Hinton, 334 N.Y.S.2d 885 (1972).  (Petition at 6); see People v. Reece, 612 N.Y.S.2d 61 (App. Div. 1994)  ("Prior to taking an undercover police officer's testimony at the trial, a hearing [is] held pursuant to [Hinton] to determine whether the closure of the courtroom during that testimony [is] appropriate.").

On January 26, 2011, Respondents filed an opposition to the Petition ("Opposition"), arguing, among other things, that the "state court did not unreasonably apply [federal law, specifically] Waller v. Georgia, 467 U.S. 39 (1984)[,] when it excluded [P]etitioner's brother from the courtroom during the undercover officer's testimony," and that "Petitioner cites no federal authority requiring the trial court to reopen its Hinton hearing to make that finding." (Opposition, dated January 26, 2011, at 22, 25.)  On March 2, 2011, Bright filed a reply ("Reply").  (See Reply, dated March 2, 2011.)

On June 29, 2011, Judge Fox, to whom this matter had been referred, issued a Report and Recommendation ("Report") recommending that the Petition be denied because "[Bright] failed to make any argument in a separate memorandum [in support of his Petition], as directed by the instructions provided for" in the Rules Governing § 2254 Cases, Forms, 28 U.S.C.A. foll. § 2254.  (Report at 8.)  Additionally, Judge Fox stated that "Bright['s] argu[ments] . . . [challenging] 'the trial court's post-<u>Hinton</u> hearing conclusion . . . to prohibit [his brother] from being present during the trial testimony of [the undercover officer]' [in] violat[ion] [of] his right to a public trial . . . 'may not be made for the first time in a reply brief.'"  (Report at 8 (citing Reply; <u>Knipe v. Skinner</u>, 999 F.2d 708, 711 (2d Cir. 1993)).)  And, Judge Fox stated, "Bright failed to make citation to any clearly establish[ed] federal law requiring a trial court to re-open a <u>Hinton</u> hearing in order to make its courtroom-closure determination."  (Report at 8.)

On August 1, 2011, Bright submitted his Objections to the Report.  Bright argues that the "[habeas instructions] expressly provide for the <u>optional</u> submission of a separate memorandum."  (Objections at 1 (emphasis in original).)  Additionally, while conceding that "federal appellate procedure does foreclose raising a legal argument in reply papers when it had not been introduced in the opening brief," Bright argues that "appellate procedure does not apply here in this collateral action," "a habeas petition is not tantamount to an opening brief," and "[t]he present [Petition] plainly set forth . . . in the six page memorandum . . . the ground for Petitioner's single claim."  (Objections at 2, 3.)  And, Bright objects to Judge Fox's finding that "Petitioner 'failed to make citation to any clearly establish[ed] federal law requiring a trial court to re-open a <u>Hinton</u> hearing,'" stating that the Petition "discussed precisely such authority: <u>Waller v. Georgia</u>, 467 U.S. 39 (1984)," and argued that "the trial judge's courtroom closure to Petitioner's brother was an unreasonable application of . . . <u>Waller</u>."  (Objections at 3.)

On August 4, 2011, Respondents submitted a response to the Objections ("Response"), arguing that "[f]or the reasons in the [Report], but also in [R]espondent's memorandum of law opposing the [P]etition, the petition should in fact be denied, and no certificate of appealability should [be] issue[d]." (Response, dated August 4, 2011, at 1.) Respondents also "ask[ed] . . . [the] Court [to] not only address any violation of the habeas rules, but also address the merits of [P]etitioner's claims in the [P]etition." (Response at 2.)

**For the reasons stated below, the Report is adopted in part and rejected in part, and the Petition is dismissed.**

## II.     Legal Standard

The Court may adopt portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Donahue v. Global Home Loans & Fin., Inc., No. 05 Civ. 8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

"An application for a writ of habeas corpus . . . shall not be granted . . . unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Eze v. Senkowski, 321 F.3d 110, 120 (2d Cir. 2003); see also Williams v. Taylor, 529 U.S. 352, 407 (2000). "'Clearly

established federal law' refers only to the holdings of the Supreme Court." Rodriguez v. Miller, 537 F.3d 102, 106 (2d Cir. 2008) (citing Williams, 529 U.S. at 412); Carey v. Musladin, 549 U.S. 70, 77 (2006).

"To close a proceeding: (1) the party seeking closure must advance 'an overriding interest that is likely to be prejudiced'; (2) the closure must be 'no broader than necessary to protect that interest'; (3) the court must consider 'reasonable alternatives' to closure; and (4) the court must 'make findings adequate to support the closure.'" Rodriguez, 537 F.3d at 108 (quoting Waller v. Georgia, 467 U.S. 39, 48 (1984)) (emphasis omitted). "Waller does not demand a higher showing before excluding a defendant's friends and family." Id. at 108–09.

III.   **Analysis**

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.

The Court has conducted a de novo review of, among other things, the Petition, the Opposition, the Reply, the Report, the Objections, the Response, and applicable legal authorities, and concludes that the state trial court did not unreasonably apply federal law, including Waller, by, following a hearing, excluding Bright's brother from the courtroom during the undercover officer's testimony. See Waller, 467 U.S. at 48; (see also Tr. Proceedings, dated July 11, 2006, at 74:2–126:19; Tr. Proceedings, dated July 13, 2006, at 540:21–548:1.). And, Judge Fox correctly determined that there is no "clearly establish[ed] federal law requiring a trial court to re-open a Hinton hearing in order to make its courtroom-closure determination." (Report at 8;

5

see Williams, 529 U.S. at 365.  Petitioner's Objections do not provide any basis for departing

from the Report's ultimate recommendation that the Petition be dismissed.[2]

Preliminarily, the Court concludes that it would not be appropriate to dismiss the Petition

solely on the procedural grounds raised by Judge Fox, including that Bright failed to make his

arguments in a memorandum of law separate from his Petition.  See Soto v. Donelli, No. 06 Civ.

5816, 2010 WL 4242602, at *1 n.2 (S.D.N.Y. Apr. 8, 2010) (evaluating a habeas petition on the

merits where petitioner did not submit "a formal, separate Memorandum"); Thanh Nguyen v.

Ercole, No. 05 Civ. 0555, 2007 WL 3124744 (W.D.N.Y. Oct. 24, 2007).  The Court respectfully

declines to adopt that portion of the Report.

As to the merits of Petitioner's claim, the state trial court did not unreasonably apply

federal law when it excluded Bright's brother from the courtroom during the undercover

officer's testimony following a Hinton hearing held on July 11, 2006.  (See Tr. Proceedings,

dated July 13, 2006, at 546:12–547:9: (TRIAL COURT: "[Bright's brother] has misdemeanor

possessions having to do with drugs and . . . one of them was right there in th[e] vicinity [where

the undercover officer operates] . . . there is [not] a need for us to reopen the [Hinton] [h]earing

. . . . [T]he Court is going to grant the exclusion.")); see Rodriguez, 537 F.3d at 109 ("[The]

petition [concerning the exclusion of petitioner's family from the trial] stands or falls solely upon

the application of the Waller test."); see also Waller, 467 U.S. at 45.

With respect to the first Waller factor, the undercover officer testified at the Hinton

hearing that "testifying in open court '[a]bsolutely' would jeopardize [the officer's] and his

family's safety, and would also 'prevent [him] from operating effectively as an undercover

---

[2]       As to any portion of the Report to which no objections have been made, the Court
concludes that the Report is not clearly erroneous.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817
(S.D.N.Y. 1991).  Any Objections not specifically addressed in this Order have been considered
de novo and rejected.

officer.'"  (Opposition at 19 (citing Tr. Proceedings, dated July 11, 2006, at 86:3–14)); see

Sevencan v. Herbert, 316 F.3d 76, 84 (2d Cir. 2003) ("the safety of the undercover officer" is a

sufficient overriding interest); Ayala v. Speckard, 131 F.3d 62, 72 (2d Cir. 1997) (en banc), cert.

denied, 524 U.S. 958 (1998) ("The state interest in maintaining the continued effectiveness of an

undercover officer is an extremely substantial interest.").

     As to the second Waller factor, the closure was no broader than necessary because the

exclusion of Bright's brother lasted only for the duration of the undercover officer's testimony,

and the transcript of the testimony was never sealed.  See Brown v. Artuz, 283 F.3d 492, 502 (2d

Cir. 2002).  And, Bright's sister was present during the officer's testimony.  (See Tr.

Proceedings, dated July 13, 2006, at 550:13–21); see also Bowden v. Keane, 237 F.3d 125, 129-

130 (2d Cir. 2001).

     The third Waller factor was satisfied when the state trial court considered alternatives to

closure at the Hinton hearing.  (See Tr. Proceedings, dated July 11, 2006, at 121:2–10.)  As

Respondents observe, "[a]fter the court ruled that [P]etitioner's brother would be excluded from

the courtroom during the undercover officer's testimony, [P]etitioner's counsel suggested no

alternatives to closing the courtroom, and did not ask that the court consider any alternatives."

(Opposition at 23); see Bowden, 237 F.3d at 131 ("Once [a trial judge] has ordered a narrow

closure, a trial judge simply has no responsibility to assess other alternatives sua sponte.")

(emphasis in original).

     The fourth Waller factor is satisfied by the findings made by the state trial court,

including the court's evaluation of the undercover officer's testimony.  (See, e.g., Tr.

Proceedings, dated July 11, 2006, at 125:20–25 (TRIAL COURT: "[T]he Court did find that the

probability exists that the People's interest in protecting both the undercover [officer's] safety

and [effectiveness] will be prejudice[d] by open court testimony.")); <u>Woods v. Kuhlmann</u>, 977 F.2d 74, 78 (2d Cir. 1992).

As noted, Petitioner also argues that the trial court, before excluding Bright's brother, should have re-opened the <u>Hinton</u> hearing it had held two days prior.  There was no need to re-open the hearing because, among other reasons, there had been a sufficiently particularized showing by the prosecution with respect to excluding Bright's brother.  (<u>See</u> Tr. Proceedings, dated July 13, 2006, at 545:12–20 (TRIAL COURT: "[W]ith regard to [Petitioner's brother], it is clear to the Court given [his] conviction related to a drug charge right in the neighborhood, given everything that we already put on the record with regard to the officer working in that area, the Court at this point believes that the People have shown the heightened showing.")); <u>see</u> <u>Bright</u>, 881 N.Y.S.2d at 291 ("[T]he [prosecutor] also made a sufficiently particularized showing to warrant exclusion of defendant's brother, who lived in the vicinity of the present drug sale and had prior drug convictions, one of which involved conduct that occurred across the street from the location of the present sale.").  "<u>Waller</u> does not demand a higher showing before excluding a defendant's friends and family."  <u>Rodriguez</u>, 537 F.3d at 108-09.  Judge Fox correctly found that "Bright failed to make citation to any clearly establish[ed] federal law requiring a trial court to re-open a <u>Hinton</u> hearing."  (Report at 8.)

## IV.    Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case.  <u>See</u> <u>Lucidore v. N.Y.S. Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir.

2000).  Any appeal from this Order would not be taken in good faith.  <u>See</u> 28 U.S.C.

§ 1915(a)(3).

**V.    Conclusion and Order**

For the reasons stated herein and therein, the Report is adopted in part and rejected in

part, and the Petition [#3] is denied.  The Clerk of the Court is respectfully requested to close this

case.

Dated: New York, New York
           September 21, 2011

*RMB*
_____
**RICHARD M. BERMAN, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/21/11

9